## Miller v. Bethlehem Steel Corporation

*Stephen M. Feldman* and *Frances H. DelDuca,* for plaintiffs.

*James K. Thomas,* for defendant.

*William F. Martson,* for additional defendant.

WEIDNER, J., June 29, 1972.—In this trespass action, plaintiffs have filed a second supplemental motion for production of documents to which defendant, Bethlehem Steel Corporation, has filed answers objecting to the production of five of 13 items, and has produced eight of the items requested. After briefs and oral argument, the matter is before the court for disposition.

The action in trespass seeks damages for personal injuries suffered by Dennis Miller and Samuel Zimmerman and for damages arising from the wrongful death of Carl R. Miller in a construction site accident which occurred March 27, 1969, at Enola, Cumberland County, Pa. At the time of the accident, the two injured plaintiffs and plaintiffs' decedent were in the course of their employment for Steel Erectors, Inc., a contractor

employed to erect the steel in the construction of a junior high school building. The accident occurred when steel joists, 112 feet in length and 56 inches in depth, manufactured and sold by defendant, Bethlehem Steel Corporation, collapsed as a result of their allegedly defective condition and as a result of the alleged negligence of defendant in design, manufacture and sale of said joist, and in the preparation of drawings and blue prints which were used in the construction of the building.

Initially plaintiffs served defendant, Bethlehem Steel Corporation, with 22 written interrogatories relating to the specifications for the long-span steel joists used in erection of the steel work at the construction site, which interrogatories were answered. Supplemental interrogatories were filed as to defendant, Bethlehem Steel Corporation, regarding defendant's previous experience with long-span steel joists. Also, motion to produce documents was filed and answered. Plaintiffs also filed second supplemental interrogatories, 41 in number, which were answered. Plaintiffs now file another and second motion to require production of documents which are now before the court and for disposition.

Plaintiffs filed their motion for inspection of documents under Pennsylvania Rule of Civil Procedure 4009, which provides:

"Rule 4009. Right to Inspection

"Subject to the limitations provided by Rule 4007(a) and Rule 4011, the court, on the motion of a party may

"(1) order a party to produce and permit the inspection, including the copying and photographing, by or on behalf of the petitioner of designated tangible things, including documents, papers, books, accounts, letters, photographs and objects, which are in his possession, custody or control."

However, limitations to the right to inspection are provided in rules 4007(a) and 4011 as follows:

"*Rule 4007. Discovery. Depositions. Scope of Examination. Notice.*

"(a) Any party may take the testimony of any person, including a party, for the purpose of discovery by deposition upon oral examination or written interrogatories of the identity and whereabouts of witnesses. Subject to the limitations provided by Rule 4011, the deponent may also be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the action and will substantially aid in the preparation of the pleadings or the preparation or trial of the case."

"*Rule 4011. Limitation of Scope of Discovery and Inspection.*

"No discovery or inspection shall be permitted which
"(a) is sought in bad faith;
"(b) causes unreasonable annoyance, embarrassment, expense or oppression to the deponent or any person or party;
"(c) relates to matter which is privileged or would require the disclosure of any secret process, development or research;
"(d) would disclose the existence or location of reports, memoranda, statements, information or other things made or secured by any person or party in anticipation of litigation or in preparation for trial or would obtain any such thing from a party or his insurer, or the attorney or agent of either of them, other than information as to the identity or whereabouts of witnesses;
"(e) would require the making of an unreasonable investigation by the deponent or any party or witness."

The following are the five requests and answers to which objections were taken:

*Request:*

"1. All correspondence, documents, reports, records, memoranda, photographs, and other writings relating to the computerized study developed by defendant's research department in 1967 referred to in defendants answers to plaintiffs' second supplemental interrogatories nos. 30 - 37."

*"Objection:*

"1. Objected to for the reason that the production of all correspondence, documents, etc. relating to the computerized study developed by Defendant's Research Department in 1967 would not be relevant to the subject matter involved in the action and to require said Defendant to produce said material would cause unreasonable expense to said Defendant in violation of Rule 4011(b), and for the further reason, that the production of said materials would require the disclosure of secret processes, development and research by Defendant Bethlehem Steel in violation of Pennsylvania Rules of Civil Procedure, Rule 4011(c)."

*Request:*

"2. All correspondence, documents, reports, records, memoranda, photographs and other writings relating to the tailoring of the computerized study developed by defendant's research department in 1967 to provide designs in conformance with the AISC-SJI standard specifications for longspan steel joists referred to in defendant's Answers to plaintiffs' Second Supplemental Interrogatories nos. 30 - 37."

*Objection:*

"2. The items requested in Paragraph 2 of Plaintiff's Motion are objected to for the reasons stated in Paragraph 1 above."

*Request:*

"6. All correspondence, documents, reports, records, memoranda, photographs and other writings relating

to defendant's contribution to the development of standards for deep longspan joists referred to in defendant's Answer to plaintiffs' Second Supplemental Interrogatory no. 62."

*Objection:*
"6. The materials requested in Paragraph 6 are objected to for the reasons set forth in Paragraph 1 of Defendant's Answer."

*Request:*
"7. The minutes of the Steel Joist Institute's Engineering Practice Committee, from September, 1967, through March, 1969 referred to in defendant's Answer to plaintiffs' Second Supplemental Interrogatory no. 63 (a):

"1. Meeting of September 26 and 27, 1967 - Clayton, Mo.

"2. Meeting of February 20 and 21, 1968 - Warren, Ohio

"3. Meeting of March 28 and 29, 1968 - Des Plaines, Ill.

"4. Meeting of July 30 and 31, 1968 - Des Plaines, Ill.

"5. Meeting of November 6 and 7, 1968 - Chicago, Ill.

"6. Meeting of January 9 and 10, 1969 - Washington, D. C.

"7. Meeting of March 5 and 6, 1969 - Arlington, Va."

*Objection:*
"7. Objected to. Defendant Bethlehem Steel cannot supply the requested material for the reason that said material is not under its control and as stated in Defendant's Answer to Plaintiff's Second Supplemental Interrogatory No. 63(a), said documents are under the control of Mr. James D. Johnson, Technical Director, Steel Joist Institute, 2001 Jefferson Davis Highway, Arlington, Virginia.

"In addition, to require Defendant Bethlehem Steel

to produce such materials would cause said Defendant unreasonable expense or oppression in violation of Pennsylvania Rules of Civil Procedure, Rule 4011(b). Said material is not relevant to the subject matter involved in the action, nor would it substantially aid in the preparation of the pleadings or the preparation or trial of this case, as required by Pennsylvania Rules of Civil Procedure, Rule 4007(a).

*Request:*

"8. All correspondence, documents, reports, records, memoranda, photographs and other writings relating to the meetings of the Steel Joist Institute's Engineering Practice Committee from September, 1967 through March, 1969 referred to in defendant's Answer to plaintiffs' Second Supplemental Interrogatory no. 63 (a)."

*Objection:*

"8. Objected to for the reason that compliance with said request would cause Defendant Bethlehem Steel unreasonable annoyance, expense and oppression, in violation of Pennsylvania Rules of Civil Procedure, Rule 4011 (b), and for the further reason that said materials are not relevant to the subject matter involved in the action nor would they substantially aid in the preparation of the pleadings or the preparation or trial of this case, as required by Pennsylvania Rules of Civil Procedure, Rule 4007 (a)."

Defendant's objections to item number one are on the basis that the information requested is not relevant to the subject matter invovled in the action. While discovery under Pennsylvania Rules of Civil Procedure is more restricted than under the Federal procedure and it has been said that fishing expeditions are not to be countenanced under the guise of discovery, nevertheless, it is equally true that request for discovery must be considered with liberality and wide discovery permitted: Yoffee v. Golin, 45 D. & C. 2d 318 (1968).

Most decisions on relevance, where discovery is concerned, shall be made at the time of trial and, generally, discovery shall be permitted: Roberts v. Deckert, 82 Dauph. R. 61 (1964). Determinations of relevancy are not to be loosely made upon the assumption that by possibility an answer may be irrelevant. Most of such decisions will abide the trial and rulings at that time: Roberts v. Deckert, supra.

It appears from defendant's answer to plaintiffs' second supplemental interrogatories nos. 30-37 that the design of the joists involved in this project was done through a computerized study developed by defendant's research department in 1967. Clearly, from the pleadings, the design of this joist is relevant, since plaintiffs are claiming that it was defective. We believe the computerized study by defendant's research department which resulted in the design of this joist is relevant to plaintiffs' case.

Defendant next objects to this request on the basis that it would cause unreasonable expense to defendant. Certainly, defendant has this report and related documents available as it was used in the design of this joist, and there is no showing by defendant of any unreasonable expense involved in assembling the information or producing the report and correspondence. Inconvenience may not be invoked to defeat a right which is provided in the Pennsylvania Rules of Civil Procedure to meet a need arising out of the pleadings: Friedman v. Pittston City, 46 Luz. Leg. Reg. R. 283 (1956).

There is not one bit of evidence in the record on which the court could base a finding that unreasonable expense will result to defendant in complying with this request of discovery. In the absence of any such evidence, we cannot assume it, and actually we do not believe the production of the report and related documents will be expensive.

Defendant next objects on the basis that production of the documents would require the disclosure of secret processes, developments or research. Here again, there is not one item of evidence to guide the court and at this time only defendant would know what secret processes are involved, if any. Further, we know that defendant is no longer in the business of producing long-span joists and the information was made available to the Steel Joist Institute Engineering Practice Committee. Defendant has furnished us no information as to what secret processes, developments or research are involved, so that neither plaintiff nor the court knows of such. The only apparent remedy is to allow the discovery and have defendant list those items which would involve secret processes, developments or research and have the court rule on them as they arise. This could be done either by stipulation or by plaintiff invoking sanctions and the court ruling on the matter. We find that defendant's objections to plaintiffs' discovery contained in item one must be overruled and defendant ordered to comply.

The objections to the items numbers two and six are similar to those in number one and are controlled by the rulings under number one set out above.

A consideration of items seven and eight require analysis of their development.

Plaintiffs' second supplemental interrogatories filed October 12, 1971, requested defendant to:

" #63. List the designation of any correspondence, documents, reports, memoranda, contracts or writings of any kind exchanged between defendant and the Steel Joists Institute with respect to tests, studies or analysis of deep longspan joists over 48 inches deep; and the name, address, employer and job designation of the person or persons having possession, custody or control of each such piece of correspondence, document,

memoranda, reports, contracts or writings of any kind."

Defendant filed this answer January 26, 1972:

"63(a). Minutes of the Steel Joist Institute's Engineering Practice Committee, from September, 1967 through March, 1969. This Committee formulated the specifications for deep longspan steel joists. The minutes were prepared by Mr. James D. Johnson, Technical Director of the Steel Joist Institute, 2001 Jefferson Davis Highway, Arlington, Virginia. These documents would be under Mr. Johnson's control. These minutes covered the meetings listed below:

"1. Meeting of September 26 and 27, 1967 - Clayton, Mo.

"2. Meeting of February 20 and 21, 1968 - Warren, Ohio

"3. Meeting of March 28 and 29, 1968 - Des Plaines, Ill.

"4. Meeting of July 30 and 31, 1968 - Des Plaines, Ill.

"5. Meeting of November 6 and 7, 1968 - Chicago, Ill.

"6. Meeting of January 9 and 10, 1969 - Washington, D. C.

"7. Meeting of March 5 and 6, 1969 - Arlington, Virginia

" #63(b). A letter of November 14, 1967 from defendant to the Steel Joist Institute, which transmitted eight copies of our load tables for deep longspan steel joists. The purpose of this letter was to provide defendant's load tables for use by the SJI Engineering Practice Committee in formulating standard specifications for deep longspan steel joists."

Plaintiffs then asked defendant to provide the minutes of the meetings of the Steel Joist Institute's Engineering Practice Committee and other documents relating to the meetings of that committee from September 1967

through March 1969. Note that this is not restricted to copies of the minutes and other documents.

Defendant did, in answer to plaintiffs' second supplementary interrogatories, advise plaintiffs that Mr. James D. Johnson, Technical Director of the Steel Joist Institute, 2001 Jefferson Davis Highway, Arlington, Va., was in possession and control of those documents.

Accordingly, defendant cannot be compelled to produce them and defendant's objection will be sustained.

## ORDER OF COURT

And now, June 29, 1972, defendant's objection to motion to produce documents is overruled as to items nos. 1, 2 and 6, and defendant is ordered to comply with the requests and defendant's objection is sustained as to items 7 and 8.